UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:16 CV 40 CDP |
| | ) | |
| CURTIS RODGERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

On December 17, 2018, I ordered defendants to file their initial pretrial submissions by February 14, 2019. [Doc. # 60]. Once again, defendants have failed to file their required pretrial filings. This is not the first, or even the third, Order of this Court that defendants have ignored. Defendants also failed to comply with the Court's August 13, 2018 Order, which required them to file a memorandum advising the Court whether they were seeking a jury trial of this matter given the jury demand made in their Answer to Amended Complaint. [Doc. # 43]. Defendants then failed to respond to the October 4, 2018 Order to Show Cause, which required them to show cause why they ignored the Court's August 29, 2018 Order, which required them to file their pretrial submissions no later than October 2, 2018. [Doc. # 46, Doc. # 52]. In each instance, the Court gave the defendants another chance to correct their deficiencies and proceed with the resolution of this case. In each instance, defendants failed to do so. The Court's patience is now at an end.

Courts possess the inherent power to assess sanctions for a party's willful disobedience of a court order or when a party has acted in bad faith. *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Greiner v. City of Champlin*, 152 F.3d 787, 790 (8th Cir. 1998). The Court has wide discretion to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 45. Sanctions may include striking an answer, which is one of the most severe sanctions available to a Court by virtue of its inherent power. *Harlan v. Lewis*, 982 F.2d 1255, 1261 (8th Cir. 1993).

Here, defendants have repeatedly failed to comply with numerous orders, including refusing to file their pretrial submissions. These failures constitute willful violations of the Court's Orders, demonstrating an intentional disregard of this Court's authority and making it impossible for the plaintiff and the Court to proceed with the trial of this matter. The Court will therefore impose sanctions.

The Court has considered a wide variety of sanctions available to it under its inherent authority, including monetary sanctions, attorneys' fees, and the striking of pleadings. After due consideration of the circumstances of this case and the conduct of the defendants, the Court will strike the defendants' answers as a sanction for their willful violation of this Court's orders. The Court recognizes that this is a severe sanction; however, based on their conduct in this case, it is apparent that the defendants are unwilling to obey the future orders of this Court or even appear for trial. Thus, the Court concludes that striking the defendants' answers is the appropriate sanction.

Accordingly,

**IT IS HEREBY ORDERED** that **the answer to amended complaint [33] is stricken.**

**IT IS FURTHER ORDERED** that <u>within twenty (20) days of the date of this Memorandum and Order plaintiff shall file a motion for default judgment, supported by all necessary affidavits, memoranda and evidence, and a proposed Order of Default Judgment for the Court's consideration.</u>

**IT IS FURTHER ORDERED** that <u>the trial of this matter, currently set for Wednesday, April 3, 2019, is vacated</u>.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2019.