UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

UNITED STATES OF AMERICA,　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　)　　　　Case No. 2:16 CV 40 CDP
　　　　　　　　　　　　　　　　)
CURTIS RODGERS, et al.,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　)

## <u>**MEMORANDUM AND ORDER**</u>

This matter is before me on defendants' motion and second motion to set

aside sanctions. On February 20, 2019, I struck defendants' answers for their

repeated, willful failures to comply with the prior Orders of this Court, including

their failure to file their required pretrial filings. I imposed this sanction after due

consideration of the repetitive nature of defendants' conduct and its effect on the

ability to proceed with the resolution of this case.

Eight days after I struck defendants' answers and ordered plaintiff to file a

motion for default judgment, defendants filed a trial brief and a motion to set aside

sanctions. The barebones motion is one page long and unsupported by any legal

authority or affidavits. In the motion, defense counsel claims that his office was

having difficulties with electronic filing and that he mistakenly thought the trial

brief was filed on time. In the second motion to set aside sanctions, defendants

simply restate their first motion and include an attachment entitled "Notice

Regarding Magistrate Judge Jurisdiction" dated February 14, 2019. According to

defendants, this document "was found today indicating [defense counsel's] staff

communication with the Clerk's office during the failed attempt to e-file the

required pleading."

Although plaintiff did not file a response to defendants' motions to set aside

sanctions, it did file a timely motion for default judgment with accompanying

evidence. Plaintiff seeks declaratory, injunctive, and monetary relief in the amount

of $461,844.85. The requested damages include $20,191.00 for the unauthorized

timber harvested from the easement and $441,653.85 to restore the dams on the

easement to their original condition. The damages calculation is supported by the

affidavits of two witnesses, Clifford J. Baumer and Nate Goodrich.

After due consideration, the motions to set aside sanctions will be denied.

Defendants argue that they attempted to comply with the Court's December 17,

2018 Order by filing a trial brief, but due to "filing difficulties" could not.

Defendants, however, offer no explanation as to what these "filing difficulties"

were or why they waited eight days to correct these "filing difficulties" or seek

relief from this Court. Moreover, the document entitled "Notice Regarding

Magistrate Judge Jurisdiction" does not demonstrate any alleged "filing

difficulties" that convince this Court to set aside the sanctions.

More importantly, even if defendants had not experienced these "filing difficulties" and actually filed their trial brief on time, they would have still failed to comply with this Court's December 17, 2018 Order setting this case for trial. That Order required defendants to file the following pretrial materials by no later than February 14, 2019:

       1.    **Stipulation:**  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation.

       2.    **Witnesses:**

       (a)    Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

       (b)    Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

       3.    **Exhibits:**

       (a)    Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)     Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)     Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

**4.     Depositions, Interrogatory Answers, and Request for Admissions:**

(a)     Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)     Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

**5.     Findings of Fact, Conclusions of Law and Trial Brief:**
Submit to the Court and to opposing counsel full, complete, and specific findings of fact and conclusions of law, together with a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems.

[Doc. #42, Doc. # 60].  Despite these requirements, the only document defendants

even attempted to file was a trial brief.  Defendants have never filed any of the

other required pretrial materials, even though their "filing difficulties" appear to have been resolved, and they offer no explanation or justification for their refusal to do so.  Moreover, after reviewing the default judgment materials and defendants' trial brief, it appears that defendants lack any meritorious defense to plaintiff's claims.  Under these circumstances, defendants have failed to convince me that I should set aside the previously ordered sanctions or impose lesser sanctions, so I will deny defendants' motions and order the Clerk of Court to enter default against defendants.

I have reviewed plaintiff's motion for default judgment.  Plaintiff is entitled to the requested declaratory and injunctive relief as established by the accompanying materials.  The request for damages will be set for hearing. Plaintiff's witnesses shall testify in person at the hearing.  Defendants may contest the amount of damages sought by cross-examination and argument.  The Court will not reconsider its decision to enter default or to award declaratory and injunctive relief at the hearing.  Finally, the Court urges the parties to reach a settlement of this matter, as this case remains one that could and should be resolved.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall enter default against defendants.

**IT IS FURTHER ORDERED** that the motion and second motion to set aside sanctions [63, 67] are denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment is set for a hearing on damages on **Monday, April 8, 2019 at 11:00 a.m.** at the **Hannibal Federal Building, 801 Broadway, Hannibal, Missouri  63401**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2019.